## J. C. NEELY *v.* THE STATE.

CONSTITUTIONAL LAW. *Exemption as juror.* Special exemption from service as jurors and road hands enacted in a charter of incorporation, in favor of officers and employees of the company, is class legislation, and unconstitutional.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby County.   L. B. HORRIGAN, J.

HUMES & POSTON, for Neely.

Attorney-General LEA for The State.

DEADERICK, C. J., delivered the opinion of the Court.

Neely was regularly summoned as a juror at the January Term, 1880, of the Criminal Court at Memphis.    He failed to attend as required, and was fined $25, from which judgment of the Court he has appealed to this Court.

The defense relied on is that Neely was, when summoned, and still is, a director in the Memphis & Charleston Railroad Company, and that the charter granted in 1848 exempts the directors from jury service.

It is admitted that he was and still is a director in said company, and that said company was chartered in 1848, containing the exemption stated, and that Neely believed he was not liable to perform service as a juror.

The Court held the provision of the charter granting the exemption inoperative and void, because repugnant to the Constitution.

We are of opinion that the holding of his Honor the Judge of the Criminal Court is correct. It is an attempt to pass a law for the benefit of individuals inconsistent with the general laws of the land, and purports to grant to individuals, who may be directors in said company, privileges, immunities and exemptions which are not ' extended to other members of the community who may be able to bring themselves within the provisions of such law, contrary to the provisions of Art. XI., sec. 8, of the Constitution.

Counsel for Neely have cited the case of *Hawkins* v. *Small*, 7 Bax., 193, in support of the validity of the exemption contained in the charter of said company. The case cited does sustain the position assumed, but it does not appear that the constitutionality of the provision in the charter, in that case, exempting a section hand from working on the public roads, was considered. Of course the constitutionality of the provision must have been taken for granted, otherwise the result announced could not have been attained. But the opinion does not discuss the validity of the ex-

emption, but reaches the conclusion in favor of the exemption upon other grounds stated in the opinion. We are of opinion, however, that the case was erroneously decided, and overrule it, as it is liable to the same constitutional objections which lie against the case at bar.

Let the judgment be affirmed.